[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Earlene Smart on July 16, 2000 was a passenger in a taxicab owned by Transportation General d/b/a Metro Taxi of West Haven (Metro). As the taxicab proceeded east on Whalley Avenue and prepared to turn into the Harrison Street in the City of New Haven, it was struck by a motor vehicle on the rear door next to the seat occupied by the plaintiff. The motor vehicle did not stop and its owner and the identity of the driver is unknown. The negligent operation of the unknown vehicle was the cause of the collision.
On July 16, 2000, Metro was insured by the defendant American Country Insurance Company for liability including uninsured motorist coverage in the amount of $40,000.
The collision caused the plaintiff to be thrown about the taxicab, she struck her left side shoulder on the door and her head on the driver's head causing injuries to her neck, back and left shoulder.
The plaintiff was treated by Dr. Michael R. Barone, Jr., a chiropractor. Dr. Barone referred her to Dr. Arthur M. Seigel,[1] a neurologist, whose findings were as follows: left shoulder sprain; cervical sprain with neuralgia; lumbar sprain with neuralgia; and cephalgia. (MRI ruled out internal derangement of the left shoulder); all of which was attributed to the collision. Dr. Siegel stated in his final report dated February 19, 2001 the following:
 "Based on her history and course, Ms. Smart has reached maximal medical improvement. I have recommended that she do stretching and flexibility exercises on a daily basis independently. There is a 5% permanent partial impairment each to the left shoulder, cervical and lumbar spine causally related to the injuries of 7/16/00 based on the "The Guides To The Evaluation Of Permanent Impairment," 5th edition, published by the American Medical Association. The nature of the injuries are such that the patient will be predisposed toward flare-ups in the future."
Based upon the forgoing, the court finds that the plaintiff, as a result of the collision, sustained a five percent permanent partial CT Page 1638 impairment to each of the left shoulder, cervical spine and lumbar spine. The parties stipulated that the plaintiff has a life expectancy of 44.7 years. In other words, in all likelihood the plaintiff will experience from time to time pain in her shoulder, cervical spine and lumbar spine over the period of 44.7 years. This will be particularly difficult for the plaintiff because she is a person who will always be required to rely on her body to earn a living, whether it be as a waitress, a housekeeper or caring for small children.
As a result of her injuries, the plaintiff incurred the following medical expenses: Dr. Barone $3660; Dr. Seigel $1095; MRI $900; Dr. Katz $425; totaling $6080.
The plaintiff claims that as a result of the collision she had lost earnings of $11,526 because she was unable to work as a housekeeper for motels full-time ($7.50 per hour) and as a Saturday night waitress at the Elks Club ($100 per Saturday night). The defendant argues that she is entitled to loss earnings for a period of only two weeks (from 8/2/00 to 8/16/00) in the amount of $800 in accordance with Dr. Seigel's "Disability Certificate" dated August 2, 2000. Dr. Seigel's "Disability Certificate" was, however, prospective and does not include the two weeks which elapsed between the time of the accident and the date of Dr. Seigel's examination. The plaintiff claims she was not able to work a full day as a result of the pain she experienced. The defendant, on the other hand, argues these short days were as a result of the plaintiff finishing her assigned duties early at which time she could leave and she would receive her full pay as if she worked the full eight hours. Nevertheless, the plaintiff has at least sustained her burden of proof that she had lost earnings in the amount of $6,600 attributable to her injuries, and that amount would justify the court's award which exhausts the uninsured motorist coverage.
The court awards the plaintiff damages in the amount of $40,000 for her injuries sustained as a result of the collision which occurred on July 16, 2000.
The court has examined "the record to determine whether the plaintiff made an `offer judgment' which the defendant failed to accept." General Statutes § 52-192a. (See Practice Book, §§ 17-11 through 17-18). On November 27, 2001, the plaintiff filed an offer of judgment in the amount of $30,000. Accordingly, the plaintiff is entitled to 12% interest on $40,000 from March 2, 2001 (the date of filing the complaint) to February 8, 2002, in the amount of $4560, notwithstanding that the total sum of damages and interest of $44,560 exceeds the uninsured motorist coverage of $40,000. CT Page 1639
Accordingly, judgment is entered in favor of the plaintiff Earlene Smart against the defendant American Country Insurance Company in the amount of $44,560 (including interest pursuant to § 52-192a) plus taxable costs. Taxable costs shall include for the plaintiff's expert Dr. Michael R. Barone, Jr., the amount of $500.[2]
Robert I Berdon, Judge Trial Referee